

*JOAN CAROL LIPIN*
*45 East 89th Street, Apartment 14 G*
*New York, New York 10128*
*Tel: (212) 722-5894; Fax: (201) 795-1770*

By Fax and U.S. Mail

January 18, 2008

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/7/08
```

Hon. Richard J. Holwell, U.S.D.J.
United States District Court
For the Southern District of New York
500 Pearl Street, Room 1950
New York, New York 10007

Re:   Joan C. Lipin v. David E. Hunt and Danske Bank, 07 Civ. 226(RJH)(KNF);
      Joan C. Lipin v. Ulf Bergquist, 07 Civ. 7833 (RJH)(KNF) [Consolidated]

Dear Judge Holwell:

The purpose of this letter is to request an extension of time by which my opposition papers are required to be filed to the barrage of motions that were received by me on January 15, 2008, by defendants Bergquist, Hunt, and Danske Bank, as follows:

(1) Defendant Bergquist's 71 page motion to dismiss inclusive of a Memorandum of Law dated January 14, 2008, that incorporates by reference at page 19 defendant Hunt's motion to dismiss in excess of 50 pages, a Notice of Motion, defendant Bergquist's declaration with exhibits outside the pleadings attached thereto, and a declaration by attorney Chen with exhibits outside the pleadings attached thereto;

(2) Defendant Hunt's notice of motion and Memorandum of Law dated to strike the amended complaint and/or to answer or dismiss, and

(3) Defendant Danske Bank's notice of motion dated January 14, 2008, to strike the amended complaint that includes a declaration of attorney Earley with exhibits outside the pleadings attached thereto, and a Memorandum of Law.

Under the directive of Your Honor's Order dated December 19, 2007, I am required to file my opposition papers to the Bergquist motion by January 26, 2008.

I respectfully request a three week extension of time to February 19, 2008, for the following reasons:

First, defendant Bergquist's 25 page Memorandum of Law incorporates by reference at page 19 defendant Hunt's motion to dismiss dated April 6, 2007, presently sub judice, in support of his own motion to dismiss. An analysis of both motions therefore will be necessary to respond responsibly to defendant Bergquist's motion.

The analysis also will take time because it will be necessary to review my sub judice cross-motion to strike matters outside the pleadings dated May 2, 2007, my cross motion to strike and/or deny the Rule 11 motion by defendant Hunt and to order compliance with pretrial procedures and discovery requirements of the Federal Rules of Civil Procedure dated August 2, 2007, and my request to disqualify the Allegaert Berger & Vogel law firm dated August 24, 2007, on the grounds that that law firm and attorneys Berger and Chen have impermissible conflicts of interest in representing both defendants Hunt and Bergquist and they have received financial gain for

Hon. Richard J. Holwell, U.S.D.J.
January 18, 2008
Page Two

payments for legal fees, costs and disbursement from defendants Hunt and Bergquist the source of which are properties, personal assets, and financial interests that belong to me. I believe such conduct by those attorneys is violative of Section 487 of the New York Judiciary Law.

Second, the litigation tactics by the defendants intended physically and psychologically to crush the undersigned are indicative of the same tactics used by defendant Hunt in the proceedings in the courts in Maine, and it was used by him specifically to obtain the non-final decision of the state court dated October 23, 2007, involving different parties and different claims, upon which all of the defendants in this litigation rely in their instant motions.

All three defendants Hunt, Bergquist, and Danske Bank in this litigation consolidated for pre-trial purposes pursuant to the Court's Order dated October 16, 2007, rely upon the non-final Maine decision of October 23, 2007, and the non-final decision of the probate proceeding.

The improper tactics used by defendant Hunt and his co-conspirators to obtain that decision dated October 23, 2007, exemplify the retaliatory conduct which they utilized to deprive me of due process that resulted in a directive to the undersigned to file her opposition papers to Hunt's summary judgment motion on behalf of Evelyn Ellis within four days while I (1) was observing Yom Kippur, the Highest Holy in the Jewish faith, (2) was preparing for a pretrial management conference scheduled for September 24, 2007, at 9 a.m. in Portland, Maine, by when I also was required to file those papers, (3) preparing for the court ordered video depositions of Evelyn Ellis, the fiduciary, defendant Hunt's client, who entered into the secret agreement with defendant Bergquist on November 18, 2005 (Exhibit 18 of the Amended Complaint), memorialized by defendant Bergquist in his letter dated December 8, 2005, to the probate court (Exhibit 19 of the Amended Complaint) that altered the will documents written in English and Swedish dated August 31, 2005, from which defendant Bergquist unlawfully usurped authority, as he himself has admitted in a letter to defendant Hunt, that no will gave him global authority), for the unlawful purpose of stealing by larceny by trickery and false pretenses on the basis of his secret agreement with Evelyn Ellis, my antique coin collection held in the personal joint safe deposit box at defendant Danske Bank, Copenhagen, Denmark, (4) preparing to examine David E. Hunt under a court ordered subpoena in the Maine case that had been scheduled to begin in only two days, (5) preparing two different sets of papers filed in opposition to Hunt's motions in other Maine courts, and (6) preparing to leave New York City to travel to Maine on Sunday to be present at the conference on Monday, September 24, 2007, at 9:00 a.m.

However, at the same time that the defendants in this litigation rely upon the non-final Maine court decision, their counsel conceal that that court ordered witness subpoenas had been served upon David E. Hunt and David Silk and David Sherman, the other attorneys representing the defendants in that litigation, who have engaged in vindictive enforcement and invidious discrimination and selective prosecution against me in various proceedings in Maine in retaliation for asserting my constitutional and due process rights involving multiple abuses of process in order to obstruct justice, and they had been ordered to appear for examination by the undersigned at their depositions scheduled on October 25, 2007, and October 26, 2007.

Defendants also conceal that the court did not have knowledge of the damaging admissions of Evelyn Ellis, Robert Lipin, her husband, who also is the brother of the undersigned, and Ann Susan Markatos, my sister, the defendants in the Maine case who were examined by the undersigned at their court ordered video depositions on September 26, 2007, October 3, 2007, and October 4, 2007, when it issued the surprise non-final order of October 23, 2007, two days before I was to examine the Maine attorneys, including Hunt, and in the mist of discovery that was not scheduled to conclude until November 16, 2007.

Hon. Richard J. Holwell, U.S.D.J.
January 18 2008
Page Three

    <u>Third</u>, defendant Bergquist relies upon conflicts of law to support his motion to dismiss. However, at the same time he relies upon orders from the Swedish courts, and contends that an American judgment would not be enforceable in Sweden.

    At the same time, however, he and defendant Hunt fraudulently conceal from this Court, with intent to impede the administration of justice in this litigation, that they have conspired to obtain "astronomical" fees in the present "interim" amount of **$845,801.41**, that are <u>not</u> "post judgment considerations of costs and attorney fees, as alleged in the Amended Complaint and as shown by the statements against party interest set forth communications between defendants Hunt and Bergquist attached thereto as Exhibit 28, that clearly establishes the involvement of defendant Bergquist as a co-conspirator with defendant Hunt in tortious conduct perpetrated against me to cause injury to me in the State of New York.

    Such conduct by these defendants is an exceedingly dangerous line of conduct and it is strictly forbidden by the law.

    <u>Fourth</u>, the defendants also rely upon the Maine non-final probate order, material outside the record, attached as an exhibit, but fail to disclose that defendants Bergquist and Hunt, who did not know my father, wrote the affidavits for the three elderly Swedish alleged witnesses to the August 31, 2005 non-attesting so-called will documents, fifteen months after the fact, that one of the witnesses refused to testify on May 4, 2007. A second witness who telephonically testified from Stockholm was coached by defendant Bergquist and read from the affidavit that had been altered by defendant Hunt after she had signed it under oath.

    The third witness, Marianne Ekstedt, the person who negligently induced my father in his feeble condition to leave the safety of his apartment on October 6, 2005, who was present when he received a blow to the back of his head, and who was present when the three witnesses to the incident said they were "shocked," as reported in the Stockholm Central Station Police Report, mysteriously died four days before she was to telephonically testify from Stockholm on May 4, 2007. Defendant Hunt concealed this information and disclosed it to the undersigned after the commencement of the proceeding on May 4, 2007.

    In view of the foregoing, and the continuing bad faith of the defendants that make it impossible for me to oppose their barrage of motion papers served upon me, and with direct knowledge and personal knowledge that defendant Bergquist filed a perjured affidavit in the Maine court in support of defendant Hunt's summary judgment motion that resulted in the surprise non-final decision of October 23, 2007, upon which all the defendants rely, <u>an extension of time for my response to February 19, 2008, is respectfully requested.</u>

There has been no previous request for this extension of time.

Respectfully submitted,

Joan C. Lipin
Plaintiff Pro Se

*[Handwritten note:] Plaintiff shall file opposition papers by 2/19/08. No further extensions. SO ORDERED [signed] RJH US DJ 2/6/08*

cc:   Magistrate Kevin N. Fox, U.S.M.J. (By Fax)
       Pro Se Office (By U.S. Mail)

      David Berger, Esq., counsel for defendants Hunt and Bergquist (By Fax)
      Francis Earley, Esq., counsel for defendant Danske Bank (By Fax)